# TEXAS COURT OF APPEALS REPORTS.

## AUSTIN TERM, 1889.

### JOHN WEST v. THE STATE.

#### No. 6254. Decided May 8.

1. **Theft—Venue.**—A general rule as to venue and jurisdiction is that the proof must establish a complete commission of the offense in the county where the venue was laid. But by express statutory provision, when property is stolen in one county and carried off by the offender into another county, he may be prosecuted either in the county. where he took the property or in any other county through or into which he may have carried the same

2. **Same—Accomplice to Theft.**—Until amended by the Act of April 4, 1889, so as to apply to accomplices and accessories, the rule above cited applied to the principal offender only, and not to the accomplice, whose acts under our statute are auxiliary only, and are performed and completed anterior and as inducements to the crime about to be committed. This indictment, presented prior to the enactment of April 2, 1889, alleged the venue in Wilbarger County and charged one Williams with the theft of a horse and the defendant as an accomplice thereto. The proof showed that Williams stole the horse either in Hockley or Lamb County, and that months afterwards it was recovered from him and defendant in Wilbarger County. *Held*, that with respect to defendant, the proof does not support the allegation of venue. Note that Hurt, J., dissenting, holds that even under the old law venue as to an accomplice to theft may be properly laid in the county of the taking or in any county into which the accomplice takes the property.

3. **Same—Fact Case.**—See the statement of the case for evidence *held* insufficient to support a conviction as accomplice to theft.

APPEAL from the District Court of Wilbarger. Tried below before Hon. P. M. Stine.

This conviction was had under the second count of the indictment, which charged the appellant as an accomplice to the theft of a horse by one John Williams. The penalty assessed against the appellant was a term of five years in the penitentiary.

In 27 Texas Court of Appeals, on page 466, will be found the report of the case of John Williams v. The State, on appeal from a conviction for the theft of two horses, the property of one Heineke. That report is followed by the report of the case of John West (this appellant) v. The State, being an appeal from conviction as accessory to the theft of the Heineke horses. The two said convictions were had upon the same evidence, which is set out at length in the report of the Williams case. The conviction in this case rests largely upon the testimony of several of the

witnesses who testified in the Williams case, their evidence on that and this trial being identical, but referring to different animals.

This conviction was for the theft of a gray horse, the property of Ike Pryor. The evidence shows that it was stolen on the night of July 3, 1887, from the ranch of the Capitol Syndicate Land and Cattle Company, situated in Hockley and Lamb Counties. Williams and this appellant, who had previously been in the employ of the Syndicate Company, were paid off and discharged on June 30, 1887. Defendant returned and re-entered the employ of the company a few days later, and remained until about August 1, 1887. Williams never returned to the said ranch after he left on June 30, 1887.

By reference to the report of the Williams case, *supra*, it will be seen that several witnesses testify that at various times subsequent to the date charged in this indictment they saw the said Williams and one Howard, at different points in the Panhandle in possession of the Heineke and other horses, and that subsequent thereto they saw the said Williams at other points in company with this defendant in possession of the same horses. The evidence in the Williams case also shows that Williams and this defendant were finally arrested in Wilbarger County in possession of the Heineke and other horses—the same animals previously seen in the possession of Williams and Howard, the brands on all them having been recently changed. The same witnesses testified to the same facts on this trial, identifying one of the other horses in the bunch first seen in the possession of Williams and Howard, and subsequently in the possession of Williams and defendant, as the Pryor horse referred to in this indictment. No witness, so far at this record discloses, testified to a fact which tends even to suggest that defendant advised, commanded, or encouraged Williams to steal the Pryor horse, and no witness connects him with any of the horses, or with Williams' possession of the horses, prior to October or November, when he and Williams were seen with the horses in Yellowhouse Cañon, remote from Wilbarger County.

No brief for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—The indictment under which the prosecution in this case was conducted contained three counts:

1.  A charge of theft of the horse against John Williams and this appellant, John West, jointly.

2.  A charge against John Williams for theft of the horse and against this appellant, West, that he was an accomplice to said theft, in that though not present at its commission, yet prior to the same he, said West,

advised, commanded, and encouraged the said John Williams to commit said theft.

3. A charge that John Williams committed said theft, and that this appellant, John West, was an accessory to the same, in that after and subsequent to its commission, and knowing the same to have been committed, he, appellant, concealed and gave aid to the said Williams in order that the latter might evade arrest and a trial for said crime.

In each of these counts the venue of the offense was laid in Wilbarger County. On the trial the testimony showed that the crime was committed by Williams, that is that the horse was stolen by him some hundreds of miles from Wilbarger County in one or the other of the unorganized counties of Hockley or Lamb, and that the same was found in the possession of and recaptured some months afterwards from Williams and this appellant in Wilbarger County.

This trial resulted in appellant's conviction under the second count of the indictment, which, as we have seen, charged him as an accomplice to the theft—that is, that though not a participant who was present at its commission, yet that prior thereto he had advised, commanded, and encouraged Williams to commit it.

It is urgently contended that in so far as appellant is concerned, even if he is guilty as found by the verdict and judgment, still the venue of his offense was not, and could not have been as was found and alleged by the indictment, in the county of Wilbarger, and that consequently the judgment must be reversed because the venue was not proved as alleged.

"A general rule as to venue and jurisdiction is that the proof must establish a complete commission of the offense in the county where the offense was laid." Gage v. The State, 22 Texas Ct. App., 123, citing 1 Bish. Crim. L., 7 ed., sec. 139; Searcy v. The State, 4 Texas, 450. It is an express provision of our statute that "where property is stolen in one county and carried off by the offender to another, he may be prosecuted either in the county where he took the property or in any other county through or into which he may have carried the same." Code Crim. Proc., art. 216. It is the "offender" who has stolen the property, that is, one who has taken it and who after such taking carries it into another county, who may be prosecuted in the latter county, and no one else. He must both have taken *and* carried it into such other county to render him liable to prosecution in the latter county. "Under this statute of ours it has been held that where a party is prosecuted in a county other than that in which the theft was committed, a complete offense must be shown in the county where the conviction was had." Gage v. The State, *supra*, citing Roth v. The State, 10 Texas Ct. App., 27. In other words, the offense—that is, the acts constituting the completed offense charged—must be shown to have been committed within the county where the venue is laid, except that as to ordinary theft, "after one has done

what amounts to a complete theft, if he continued carrying away the stolen things, each step he takes with them may be treated as a new trespass, and the intent to steal not being abandoned, a fresh larceny, the consequence of which is that he may be indicted in the county where he first took the goods or in any other into which, the intent to steal continuing, he carries them." 1 Bish. Crim. Proc., 3 ed., sec. 59; Dixon. v. The State, 15 Texas Ct. App., 480; Clark v. The State, 23 Texas Ct. App., 612; Gage v. The State, 22 Texas Ct. App., 123; Willson's Crim. Stats., secs. 1253, 1706.

Now "an accomplice" is defined by our statute to be "one who is not. present at the commission of an offense, but who before the act is done advises, commands, or encourages another to commit the offense." Penal Code, art. 79. It is some other party and not the accomplice who commits the offense.

"The acts constituting an accomplice are auxiliary only, all of which may be and are performed by him anterior and as inducements to the crime about to be committed." * * * "In other words, an accomplice under our statute is one who has *completed his offense before the crime is actually committed* and whose liability attaches after its commission by virtue of his previous acts in bringing it about through the agency of or in connection with third parties." Willson's Crim. Stats., sec. 157, and authorities cited.

Now, the offense as charged against defendant and as found by the verdict and judgment was *not* committed in Wilbarger County. His offense, if any—that is, his "advising, commanding, and encouraging" Williams to steal the horse—is not shown to have been committed in Wilbarger County. If committed at all such acts were committed by him in the unorganized counties of Hockley or Lamb, where both of the parties were at work prior to the theft of the horses by Williams. There is no evidence showing that the parties were together in Wilbarger County before the horses were stolen. To hold appellant liable to a charge that. he was an accomplice to the theft of the horses in Wilbarger County the proof should have shown that his offense was completed in Wilbarger County—that is, that he "advised, aided, and encouraged" Williams in that county to commit the theft, wheresoever it was intended that it. should be committed. Under the statute existing at the time of the trial he could not be held liable in Wilbarger County as an accomplice, because the horses were brought into that county subsequent to the acts making him an accomplice to the original theft in Hockley or Lamb counties.

This seems to have been the construction placed by our Legislature upon the matter, for we find that by a recent act, approved April 4, 1889, they have amended the Code of Criminal Procedure in this particular, and added article 216a, which provides that "accomplices and ac-

,cessories to the crime of theft may be prosecuted in any county where the theft was committed or in any other county through or into which the property may be carried by either the principal, accomplice, or accessory to the offense." Acts 21st Leg., Gen. Laws, p. 37. This statute when it takes effect and becomes operative will doubtless supply the defect for the future in the present law upon the subject. Under the law as it now is, and under which the trial was had, we are of opinion that the venue of the ,offense of which appellant has been found guilty has not been proved as ·laid in the indictment.

But aside from this, even if this new law had been in force at the date ·of the alleged commission of the offense, and the case had been tried under it, we would still be constrained to reverse the case because in our opinion the facts as they are disclosed by the evidence in the record do not make ,out a case against appellant as *an accomplice* to the crime charged, and are therefore insufficient to support the verdict and judgment.

The judgment is reversed and the cause remanded.

　　　　　　　　　　　　　　　　　　　*Reversed and remanded.*

Hurt, J., dissents from the position that the venue was not properly laid in Wilbarger County, and holds on the contrary that an accomplice ,can be tried and convicted under the old law in any county in which he brings the property. He agrees, however, that the judgment should be reversed for want of sufficient evidence to support it.